## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

BENSLEY B. PARTEE,

    **Plaintiff,**

**v.**

**WALMART STORES EAST, LP,**

    **Defendant.**

**CIVIL ACTION FILE**

**No. 2:20-CV-00096-SCJ**

## <u>ORDER</u>

This matter appears before the Court on Defendant's First Motion in Limine to Exclude Plaintiff's Treating Physicians as Experts.[1] Doc. No. [73]. Plaintiff opposes the motion to exclude. Doc. No. [81]. For the following reasons, the Court **GRANTS** Defendant's motion and generally clarifies what Plaintiff's physicians are allowed to testify to at trial as lay-witness treating physicians.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

## I.     BACKGROUND

In anticipation of trial starting on February 27, 2023, Defendant moves to exclude Plaintiff's treating physicians from testifying as experts. Doc. No. [73], 1. Defendant acknowledges that Plaintiff's initial disclosures indicated that "Plaintiff may call as experts the doctors reflected on the medical records and bills made available for inspection by the Defendants."[2] Id. at 8. Plaintiff however did not officially designate any expert witnesses until December 16, 2021, when he included his treating physicians as expert witnesses in the proposed pretrial order. Doc. No. [55-7].

Plaintiff conversely maintains that he disclosed his treating physicians (along with their records and notes) prior to filing this lawsuit in 2019 and during discovery in this case. Doc. No. [81], 5. Plaintiff further cites that he filed the summary of the physicians' testimony in the proposed pretrial order (Doc. No. [55-7]) and prior to the pretrial conference submitted a witness list with the physicians and stated "[t]he above-listed treating physicians may be called to give expert testimony of their opinions formed and based upon observations

---

[2] Plaintiff's initial disclosures are not in the record, but Defendant quotes from the initial disclosures in its motion in limine. Doc. No. [73], 7–8.

made during the course of their treatment of [Plaintiff]" (Doc. No. [72]). Plaintiff thus contends that his disclosures were proper (or, at least, involve substantially justified or harmless deficiencies), and should not be excluded.

## II.    LEGAL STANDARD

A motion in limine is a pretrial motion by which a litigant seeks to exclude inadmissible or prejudicial evidence before it is offered at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). A motion in limine is "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997).

Federal Rule of Civil Procedure 26(a)(2) sets forth the requirements for disclosing expert witnesses. This instant motion presents two primary issues regarding Plaintiff's expert disclosures: (1) the timing of the disclosures and (2) if the disclosures were substantively adequate.

Rule 26(a)(2)(D) prescribes expert disclosures must be made in accordance with court rules and scheduling orders, but "at least 90 days before the date set for trial or for the case to be ready for trial." The Local Rules further specify that experts must be disclosed "sufficiently early in the discovery period" to enable

3

the opposing party to prepare a defense, depose the expert, or find a rebuttal witness. LR 26.2(C), NDGa.

Substantively, testifying treating physicians might be classified as either Rule 26(a)(2)(B) expert witnesses, Rule 26(a)(2)(C) expert witnesses, or lay-witness treating physicians. Rule 26(a)(2)(B) expert witnesses must not only meet the rigors of <u>Daubert</u> and Federal Rule of Evidence 702, but they must also provide a written report detailing their qualifications, methodology, and conclusions. <u>See</u> Fed. R. Civ. P. 26(a)(2)(B). Conversely, Rule 26(a)(2)(C) expert witnesses must satisfy <u>Daubert</u> and Rule 702's standards, but do not have to submit a full expert report. Instead, these experts must only file a disclosure identifying, "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Finally, a treating physician may testify, without any expert disclosures, as a lay-witness if he or she is testifying about the treatment rendered or personal observation of the patient. <u>Cf.</u>, <u>e.g.</u>, <u>Torres v. Wal-Mart Stores E., LP</u>, 555 F. Supp. 3d 1276, 1297–98 (S.D. Fla. 2021). This testimony may resemble expert testimony, but it must be "offered for the purpose of explaining the

4

physician's decision-making process or the treatment provided." <u>Eberhart v.</u> <u>Novartis Pharms. Corp.</u>, 867 F. Supp. 2d 1241, 1252–53 (N.D. Ga. 2011).

If an expert disclosure is untimely or improperly made, the Federal Rules and Local Rules both generally require exclusion of the testimony. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."); LR 26.2(C), NDGA. ("Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by Court order based upon a showing that the failure to comply was justified.").

## III.    ANALYSIS

As noted, Defendant raises two primary issues with Plaintiff's expert disclosures in this case: timeliness and substance. The Court determines that Plaintiff's disclosures are deficient on both accounts and thus grants Defendant's motion to exclude Plaintiff's treating physicians from offering expert testimony. The Court concludes by clarifying this ruling's implications for Plaintiff's treating physicians' trial testimony.

A.    **Plaintiff's Expert Disclosures Are Untimely**

As far as the Court can tell from the Parties submissions, the Plaintiff's first true designation of his treating physicians as experts did not occur until the proposed pretrial order was filed on December 16, 2021. Doc. No. [55-7].  This disclosure occurred well-after discovery had closed on November 23, 2020, and the resolution of dispositive motions on September 15, 2021. Doc. Nos. [31]; [48].

The Court does not doubt that Plaintiff indicated in his initial disclosures that he might offer his treating physicians as experts. Doc. Nos. [73]; [81]. This indication however is insufficient to be considered for timeliness purposes. Plaintiff submitted himself in the proposed pretrial order that "FRCP 26 disclosure [was] pending" for the treating physicians then-designated as experts. Doc. No. [55-7]. Thus, Plaintiff cannot maintain now that his prior mentioning of a potential expert designation constituted adequate Rule 26 disclosure when he (much) later admitted that such disclosure was forthcoming.

Consequently, the Court concludes that Plaintiff's disclosure of these treating physicians as expert witnesses in the proposed pretrial order is untimely. Plaintiff's disclosure violates the scheduling order (which did not specify a deadline for expert disclosures but did set the deadline for Daubert motions no

6

later than the proposed pretrial order (Doc. Nos. [11], 5; [16])), Rule 26(a)(2)(D) (which requires disclosure at least 90-days before the case is ready for trial[3]), and Local Rule 26.2(C) (which requires expert disclosure "sufficiently early in the discovery period").

Under Rule 37(c), therefore, the proper remedy for the untimely disclosure is to exclude Plaintiff's physicians from offering expert testimony, unless "the failure was substantially justified" or was "harmless." Fed. R. Civ. P. 37(c)(1). Here, the Court concludes that mere mistake is insufficient to justify this error—Plaintiff has apparently been considering designating his treating physicians as experts since his initial disclosures, but failed to do so in a timeframe that would allow Defendant adequate time to prepare a defense to the physicians' expert testimony. Plaintiff received Defendant's expert disclosure on November 2, 2020 (Doc. No. [32]), yet failed to respond in kind and designate his own expert witnesses within the discovery period. Defendant could not have even met the Court's <u>Daubert</u> deadline given that it did not receive Plaintiff's

---

[3] At the time of the pretrial order, the case had survived dispositive motions and been to court-ordered mediation, and thus, for all intents and purposes, was ready for trial.

7

expert designation until the proposed pretrial order (which was the deadline for Daubert motions). Doc. Nos. [11], 5; [16].

Plaintiff's untimeliness moreover is not harmless given that it inhibited Defendant from preparing a defense for multiple expert-designated treating physician witnesses. It is reasonable that Defendant would treat lay-witness treating physicians differently than physicians designated as expert witnesses. The Local Rule considers specifically the opposing party's "opportunity to depose the expert" and "to name its own expert witness" in rebuttal. LR. 26.2(C), NDGa. Plaintiff's untimely disclosure deprived Defendant of the ability to do both here. This error, consequently, was not substantially justified or harmless, and the untimely expert testimony is so excluded.

## B.    Plaintiff's Expert Disclosures Do Not Substantively Satisfy Rule 26(a)(2)'s Requirements

Defendant also objects to the substance of Plaintiff's expert disclosures. While Plaintiff is correct (and Defendant so acknowledges) that he is not required to submit a full expert report under Rule 26(a)(2)(B) for non-retained expert treating physicians, Plaintiff still must meet the requirements for expert witnesses who are not required to provide a written report—namely, disclosure

of "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Here, Plaintiff's disclosure in the proposed pretrial order briefly noted the testimony of each treating physician. Doc. No. [55-7], 2–3. For example, Plaintiff indicated that Dr. Harper would testify to "Treatment/diagnosis 7.24.2018 Pain symptoms" and Dr. Forsythe would testify to "Treatment/diagnosis 6.26.2018 Mechanism of Injury/ Diagnostics/ l4-l5 disc herniations with annular tear at L5-S1; left knee ACL sprain." Doc. No. [55-7], 2–3; see also id. (describing the other physicians' testimony subjects). Further, in his witness list submitted days before the pretrial conference, Plaintiff broadly stated, "[t]he above-listed treating physicians may be called to give expert testimony of their opinions formed and based upon observations made during the course of their treatment of [Plaintiff]." Doc. No. [72], 2. Plaintiff also expresses that he disclosed to Defendant the physicians' records and notes from their medical treatment of Plaintiff. Doc. No. [81].

These disclosures are inadequate under the less robust requirements of Rule 26(a)(2)(C). The brief descriptions of the doctors' testimony in the proposed

9

pretrial order do not satisfactorily summarize the physicians' facts and opinions to be offered. The Court questions whether the brief notations even sufficiently state the subject matter of each witness.[4] Nor can Plaintiff rely on his disclosure of the physicians' medical records and notes as satisfying Rule 26(a)(2)(C). See, e.g., Torres, 555 F. Supp. 3d at 1298 ("[T]he expert witness should do more than merely produce [medical] records." (alteration in original) (citing Sweat v. United States, No. 8:14-CV-888-T-17JSS, 2015 WL 8270434, at *2 (M.D. Fla. Dec. 8, 2015))); Kondragunta v. Ace Doran Hauling & Rigging Co., No. 1:11-CV-01094-JEC, 2013 WL 1189493, at *6 (N.D. Ga. Mar. 21, 2013) ("[T]he fact that plaintiff provided all his medical records to the defendants does not mean that plaintiff has fulfilled the 'summary of the facts and opinions' prong of Rule 26(a)(2)(C). Allowing medical records to be submitted 'in lieu of a summary would invite a party to dump voluminous medical records on the opposing party, contrary to the rule's attempt to extract a "summary."'" (quoting  Ballinger v. Casey's Gen.

---

[4]  To be sure, given the content of Plaintiff's submissions, the Court would not be able to make a proper Daubert assessment of Plaintiff's treating physicians' qualifications, methodology, or helpfulness. Cf. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993) ("[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.").

Store, Inc., No. 1:10–cv–1439–JMS–TAB, 2012 WL 1099823, at *4 (S.D. Ind. Mar. 29, 2012))).

In sum, Plaintiff has not submitted an expert report under Rule 26(a)(2)(B), nor has he made the less stringent disclosures under Rule 26(a)(2)(C) for non-retained treating physician experts. As articulated infra, the inadequacy of these disclosures was not justified or without harm.[5] Without having adequately made these disclosures, the Court, as a gatekeeper of expert testimony, cannot allow Plaintiff's treating physicians to testify experts at trial. Accordingly, Defendant's motion to exclude is granted.

---

[5] The Court finds Plaintiff's invocation of Torres to excuse the deficiencies of his Rule 26(a)(2) disclosures unpersuasive. First, the Torres case was decided on summary judgment and the disclosures were only untimely by 14-days. See 555 F. Supp. 3d at 1282, 1301. Here, Plaintiff did not designate these treating physicians as experts until after dispositive motions had been filed, in a pretrial order, over a year after discovery closed. Moreover, in Torres, the disclosure's deficiencies were "relatively minor," and the opposing party had opportunity to bring the deficiencies to the Court's attention prior to seeking outright exclusion. Id. at 1299. Here, conversely, the deficiencies are much greater and the disclosures so untimely (i.e., after the close of discovery and resolution of dispositive motions) that Defendants had little other choice but to file a pretrial motion to exclude.

**C.   Permissible Testimony by Plaintiff's Lay-Witness Treating Physicians**

Finally, the Court takes the opportunity to clarify that this order in no way disallows Plaintiff from calling his doctors as lay-witness treating physicians. Each doctor may testify to his or her own personal treatment and observation of Plaintiff. Eberhart, 867 F. Supp. 2d at 1252–53 ("[T]reating physicians who are not designated as experts may offer 'lay' testimony that implicates their specialized experience as a physician if the testimony is an account of their observations during the course of treatment or if it is offered for the purpose of explaining the physician's decision-making process or the treatment provided."). These physicians cannot, however, offer testimony that "provide[s] explanations of scientific and technical information not grounded in their own observations and technical experience." Id. at 1252 (quoting Williams v. Mast Biosurgery USA, Inc., 644 F.3d 1312, 1316–17 (11th Cir. 2011)).

With these propositions in mind, the Court reiterates that while it grants Defendant's motion to exclude Plaintiff's treating physicians from testifying as experts, this ruling has no implication on Plaintiff submitting the testimony of these doctors as *lay-witness treating physicians.*

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion in limine to exclude Plaintiff's treating physicians from offering expert testimony. Plaintiff's treating physicians may offer their lay-witness opinions on their personal observation and treatment of Plaintiff, but are excluded from offering opinions that would require the scientific or technical knowledge otherwise exclusively reserved for experts.

IT IS SO ORDERED this ___16th___ day of February, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

13